## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

SCOTT LANDRY,                *

                                *     **CIVIL ACTION**

      **Plaintiff,**         *

                                *     **NO.**

**VERSUS**                 *

                                *     **SECTION**

**MEDIMETRIKS PHARMACEUTICALS, INC.,** *

                                *     **MAGISRATE DIVISION**

      **Defendant**        *

## <u>COMPLAINT</u>

**NOW,** through undersigned counsel, comes Plaintiff, Scott Landry, to file this complaint against Defendant, Medimetriks Pharmaceuticals, Inc.  In support of his complaint, Plaintiff alleges the following:

1.     Jurisdiction of this Court is invoked under 28 U.S,C. § 1331 and the Family Medical Leave Act, as amended, 29 U.S.C. §§ 2601, 2617 ("FMLA").

2.     Venue is proper with this court under 28 U.S.C. § 1391(b).

3.     Plaintiff is a resident of the State of Louisiana, Parish of Jefferson.

4.     Defendant is a Delaware corporation authorized to do, and doing business, in the State of Louisiana and is an employer as defined under the FMLA, 29 U.S.C. § 2611(4)..

5.     Defendant is in the business of manufacturing and marketing prescription and personal skincare therapies.

6.     In September, 2011, Plaintiff was employed by Defendant as a Sales Representative, a full time position.

7.     Plaintiff was assigned to market Defendant's products to physicians and hospitals in a territory composed of Louisiana and parts of surrounding states.

8.     Plaintiff performed satisfactorily in this position, receiving performance bonuses and a salary increase during the next two and one-half years.

9.     In February, 2014, Plaintiff advised Defendant, through his supervisor Jennifer Gibson, that he would need to take time away from work to care for his spouse who would be undergoing cancer surgery.

10.    At that time, Plaintiff was eligible for leave under the FMLA under 29 U.S.C. § 2612(a)(1)(c) and was an "eligible employee" under 29 U.S.C. § 2611(2)(a) and 29 CFR § 825.111.

11.    Defendant did not advise Plaintiff of his rights to take FMLA leave and he was obliged to utilize three days of his earned vacation to take the time off.

12.    After his return to work, Plaintiff advised his supervisor, Ms. Gibson, that he would need occasionally to reduce his workload and traveling to take care of his spouse while she underwent radiation therapy.

13.    Thereafter, on April 21, 2014, Plaintiff was informed over the telephone by Ms. Gibson that he was "fired."

14.    Plaintiff asked Ms. Gibson why he was being terminated and she said that the decision was not based on his performance but that he was "not working hard enough."  No other explanation was provided.

15.    Plaintiff had never received any negative feedback regarding his productivity or work ethic by Ms. Gibson or any other management representative of Defendant.

16.    After being terminated, Plaintiff received a bonus from Defendant for his s ales performance in the first quarter of calendar year 2014.

16.     Thereafter, Plaintiff sought to mitigate his damages by obtaining new employment but has been unable to replace the income lost by virtue of Defendant's action.

17.     In October of 2014,  Plaintiff filed an administrative complaint under 29 U.S.C. § 2617(b)(1) with the Wage and Hour Division of the U.S. Department of Labor alleging that the Defendant had violated his rights under the FMLA.

18.     On April 19, 2016, the Wage and Hour Division of the U.S. Department of Labor advised Plaintiff, in the letter attached as Exhibit 1, that it had determined that Defendant had violated his rights under the FMLA and that he was entitled to receive back wages as a result.

## COUNT 1: FMLA INTERFERENCE

19.      Based on its' failure to advise Plaintiff of his right to FMLA leave and then to terminate his employment before he could exercise such rights, Defendant unlawfully interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1).

20.     As a result, Defendant is liable to Plaintiff for his lost back pay and benefits, front pay, liquidated damages, interest, attorneys' fees, and the costs of this litigation.

## COUNT TWO: DISCRIMINATION

21.     Additionally, or alternatively, based on its' action in terminating Plaintiff because he was entitled to take FMLA leave, Defendant unlawfully discriminated against Plaintiff under 29 U.S.C. § 2615(a)(2).

22.     As a result, Defendant is liable to Plaintiff for his lost back pay and benefits, front pay, liquidated damages, interest, attorneys' fees, and the costs of this litigation.

## PRAYER

Therefore, after due proceedings via trial by jury, Plaintiff prays that a Judgment be entered in his favor finding Defendant violated the FMLA and is liable to Plaintiff for back pay

and lost benefits, front pay, liquidated damages, interest, attorneys' fees, costs and whatever other relief, legal or equitable, to which he is entitled.

THIS, the 20th day of April, 2016.

Respectfully submitted,

 /s/ Gerald J. Huffman, Jr.
Gerald J. Huffman, Jr. (No. 7057)
3617 Derbigny Street
Metairie, Louisiana 70001
geraldjhuffman@gmail.com
Telephone: (504) 391-0047
Facsimile: (504) 324-0638

*Attorney for Plaintiff, Scott Landry*

# EXHIBIT 1

U.S. Department of Labor
Wage and Hour Division
200 Sheffield Street, Suite 102
Mountainside, NJ 07092
Tel. (908) 317-8611
Fax (908) 317-8620


U.S. Wage and Hour Division

April 19, 2016                     Sent by Email and US Mail

Scott Landry
3420 Ridgeway Drive
Metairie, LA 70002

Subject: Medimetriks Pharmaceuticals Inc.
Case ID 1744986

Mr. Landry:

Based on the findings of a Family and Medical Leave Act (FMLA) investigation conducted by the Wage and Hour Division (WHD) of the above named employer, you were found to be owed back wages, due to lost compensation, resulting from a FMLA violation in the amount of $119,622 for the employment period beginning May 1, 2014 through December 1, 2015. Specifically, the company violated the FMLA by not advising you of your right to Family Medical leave when you provided your supervisor with information regarding your spouse's serious health condition. As such, the company's obligation was to provide you with a notice stating whether or not you were eligible for FMLA and inform you of your rights and responsibilities under FMLA. Your employer cited lack of physical hours worked resulting in poor job performance for your failure to meet the 1250 hour FMLA requirement that lead to your subsequent termination. Your employer indicated you never requested FMLA, and disputed that they had any legal obligation to advise you of your rights. The US Department of Labor disagreed with their assessment and concluded you should have been notified by your employer when they received sufficient information to determine if you were eligible. The US Department of Labor also determined based on information gathered during the investigation that you met the 1250 hour threshold, finding you eligible for FMLA.

The Wage and Hour Division (WHD) contacted the employer, explained the FMLA requirements, and requested settlement, including reinstatement and payment of unpaid wages for monetary losses on your behalf. The employer would not agree to a settlement or to pay the unpaid wages owed to you. The WHD has the authority to file court actions against employers that have violated the FMLA and seek equitable legal remedies and payment of unpaid wages. However, the WHD's resources do not permit it to litigate all of the cases for which it is unable to obtain the employer's agreement to voluntarily resolve. Consequently, it is necessary for the WHD to advise certain complainants that it will not pursue litigation on their behalf and advise them of other resources that may be available to them to resolve their claim.

The WHD is declining to litigate your complaint and will not take any further action on your behalf. *The decision by the WHD not to litigate your claim to take no further action on your behalf does not affect your right to bring a private action in court under the FMLA to obtain reinstatement, lost wages, employment benefits, any monetary losses as a direct result of the violation, interest on the unpaid amounts, and equal amount in liquidated damages, plus attorney's fees and court costs or other relief as may be appropriate.* The Department does not encourage or discourage such suits. The decision to pursue a private action is entirely up to you.

If you choose to pursue private action, you may request the following documents to provide to your attorney.

1. Your personal complaint documents.
2. Back wage computations
3. Your interview statement
4. Case File Investigation Narrative Report

If you choose to request documents 1- 3 above, the WHD will promptly provide the documents to you. If you include document 4 above, your overall request will likely take longer to complete. Additional documents other than those noted above may be obtained by you or your attorney by making a Freedom of Information Act (FOIA) request in writing. Please note that information such as the names of other employees or witnesses that were part of the investigation will not be provided as part of any request.

The Request for Documents should be sent to the following address:

Referral Document Request
U.S. Department of Labor
Wage and Hour Division
200 Constitution Avenue N.W., S-3502
Washington, D.C. 20210

Please keep in mind that recovery of unpaid wages or equitable relief under the FMLA is subject to a two year-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that any part of a back wage claim which was earned more than two years before a lawsuit is filed may not be recoverable.

A copy of the Handy Reference Guide (HRG) to the FMLA is enclosed for your information. Please feel free to contact this office at 908—389-5453 if you have questions regarding this letter.

Sincerely,

John Warner
District Director
Enclosure: FMLA Employee Guide